# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

GORSS MOTELS INC.,
     *Plaintiff*,

    v.

SPRINT COMMUNICATIONS COMPANY,
L.P. *et al.*,
     *Defendants*.

No. 3:17-cv-546 (JAM)

## ORDER DENYING MOTION FOR RECONSIDERATION

Defendant Sprint Solutions, Inc. ("Sprint") moves for reconsideration of the Court's

ruling that denied in part Sprint's motion for summary judgment. Doc. #117; *Gorss Motels Inc.*

*v. Sprint Commc'ns Co., L.P.*, 2020 WL 818970 (D. Conn. 2020). Sprint argues that the Court

should give collateral estoppel effect to two prior decisions, *Gorss Motels, Inc. v. Safemark*

*Systems, LP*, 931 F.3d 1094 (11th Cir. 2019), and *Gorss Motels, Inc. v. Otis Elevator Company*,

2019 WL 4761212 (D. Conn. 2019), that rejected similar claims of plaintiff Gorss Motels Inc.

for violations of the Junk Fax Prevention Act. Doc. #123.

Motions for reconsideration are disfavored unless a party can show that the Court

overlooked facts or law in a manner that has led to a clear error or manifest injustice. A motion

for reconsideration is not an occasion for a losing party simply to re-litigate arguments or,

alternatively, to take a "second bite at the apple" with arguments that it failed to raise or properly

develop before. *See generally Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52

(2d Cir. 2012); *Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995).

I will deny Sprint's motion for reconsideration for substantially the reasons stated in

Gorss's objection. Doc. #125. First, Sprint did not adequately raise a collateral estoppel defense.

Apart from a passing reference to the issue in a reply brief in support of its notice of

supplemental authority as to the Eleventh Circuit's *Safemark* decision (Doc. #101 at 4-5), Sprint

failed to properly raise collateral estoppel as a separate ground for the Court to grant summary

judgment. Sprint anemically argued that the *Safemark* decision was merely "supplemental

authority" (Doc. #96 at 2) and "persuasive authority" (Doc. #101 at 1 and 4; Doc. #109 at 2), not

that the *Safemark* decision should be given binding effect by means of the doctrine of collateral

estoppel.

Sprint did not even raise the collateral estoppel issue when it first filed its notice of

supplemental authority with the *Safemark* decision, but instead waited to the tail end of its reply

brief after Gorss filed a response to Sprint's notice. Although courts have leeway to consider a

collateral estoppel argument that is raised for the first time in a reply brief, *see Curry v. City of

Syracuse*, 316 F.3d 324, 331 (2d Cir. 2003), the general rule is that "[a]rguments may not be

made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993). As

for the *Otis Elevator* decision, Sprint filed a notice of supplemental authority (Doc. #106), but

never argued at all that the *Otis Elevator* decision should be given collateral estoppel effect.

Second, Sprint has conceded that it was *not* a Wyndham "affiliate." *See Gorss*, 2020 WL

818970, at *3. This "affiliate" status of the defendant was highly significant to both the decisions

in *Safemark* and in *Otis Elevator*. *See Safemark*, 931 F.3d at 1100 ("By agreeing that Wyndham

affiliates could offer assistance with purchasing items for the hotels and by providing their fax

numbers, the hotels gave express permission to receive fax advertisements from affiliates,

including Safemark."); *Otis Elevator*, 2019 WL 4761212, at *12 (noting that Gorss "agreed to

receive information from its franchisor's affiliates and approved vendors" and that

"[s]ignificantly, Otis Elevator Company is one of these affiliates and approved vendors").

"When the facts essential to a judgment are distinct in the two cases, the issues in the second case cannot properly be said to be identical to those in the first, and collateral estoppel is inapplicable." *Envtl. Def. v. U.S. E.P.A.*, 369 F.3d 193, 202 (2d Cir. 2004). Sprint's concession that it is not a Wyndham affiliate distinguishes the issue before me from the issue before the *Safemark* and *Otis Elevator* courts.

Third, even if I were to assume that any other court's interpretation of the 2014 Franchise Agreement should be given collateral estoppel effect, Sprint offers no coherent reason how such an interpretation could apply to the seven of the nine faxes at issue in this case that were transmitted *prior* to the 2014 Franchise Agreement. Sprint's reliance on the 1988 Franchise Agreement is nonsensical because that agreement does not have the same language from Paragraph 4.4 of the 2014 Franchise Agreement that was relied on as the grounds for decision by the *Safemark* and *Otis Elevator* courts.

Lastly, when evaluating a motion for reconsideration, a court should consider whether adhering to its prior ruling would amount to a serious injustice. I am not convinced that there is any injustice at all, especially in light of the Seventh Circuit's recent intervening ruling in *Physicians Healthsource, Inc. v. A-S Medication Sols., LLC*, 950 F.3d 959 (7th Cir. 2020), which clarifies the standard governing whether a consumer has given "prior express invitation or permission" as provided under the Junk Fax Prevention Act, 47 U.S.C. § 227(a)(5). In contrast to the Eleventh Circuit's mistaken interpretation of this standard in *Safemark*, the Seventh Circuit ruled that "the consumer must affirmatively and explicitly give the advertiser permission to send it fax advertisements on an ongoing basis." *Id.* at 966. Moreover, "a recipient must specifically acknowledge that faxed advertisements will follow its consent to constitute prior express permission," and "[a] consumer's statement that it gave permission to send 'product information'

via fax, even on an ongoing basis, after purchasing products or services from a company cannot as a matter of law constitute prior express permission" to receive fax advertisements. *Id.* at 967.

The facts in this case come nowhere near to meeting this standard. The Seventh Circuit's ruling reinforces my conclusion that—at a minimum—a genuine fact issue remains whether Gorss gave "prior express invitation or permission" to receive Sprint's advertising faxes.

### CONCLUSION

For the reasons set forth in this ruling, the Court DENIES the motion for reconsideration. It is so ordered.

Dated at New Haven, Connecticut this 19th day of March 2020.

/s/*Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge