# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GORSS MOTELS, INC., individually and as the representative of a class of similarly-situated persons, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. 3:17-cv-00546-JAM |
| v. | ) ) | |
| SPRINT SOLUTIONS, INC., a Delaware corporation, and JOHN DOES 1-5, | ) ) ) | |
| Defendants. | ) | |

## PLAINTIFF'S MOTION TO STRIKE AND TO BAR

Plaintiff Gorss Motels, Inc., by and through its attorneys, moves this Honorable Court to strike the Declaration of Jennifer Moore (Doc. 140), to bar certain exhibits attached thereto, to bar other unproduced documents and data relied upon therein, and to strike those portions of Sprint Solutions, Inc.'s Opposition to Plaintiff's motion for class certification that rely on the foregoing, pursuant to Federal Rule of Civil Procedure 37(c)(1). In support thereof, Plaintiff states as follows:

1.     In its Opposition to Plaintiff's Motion for Class Certification ("Opposition") (Doc. 136), Defendant Sprint Solutions, Inc. ("Sprint") filed the Declaration of Jennifer Moore ("Declaration"), signed on June 12, 2020, consisting of 29 paragraphs and Exhibits A through L. (Doc. 140).

2.     Discovery in this case closed on September 14, 2018. (Doc. 60). Sprint did not disclose Moore in its original or supplemental Rule 26(a) disclosures and did not list her in its original or supplemental interrogatory responses. Moore was not "disclosed" in this litigation until Sprint filed its Opposition on June 15, 2020. Sprint relies on the Moore Declaration in support of its "permission," "arbitration," and "waiver" arguments, citing to and relying upon it at pages 4, 18 and 31-34 of its Opposition. (*See* Doc. 136 at 4, 18, 31-34). Attached to the Declaration as

Exhibits B, C, D, E, F, K, and L (all filed under seal, collectively referred to as the "Exhibits") are various agreements that Sprint also failed to produce regarding specific customers. The Declaration also references and relies upon documents and "Sprint data" that has not been produced and which is not attached to the Declaration.

3. Pursuant to Rule 37(c)(1), the Moore Declaration should be stricken, the Exhibits and all other documents and Sprint data referenced and/or relied upon in the Moore Declaration and by Sprint in its Opposition (that were not produced) should be barred, and all portions of Sprint's Opposition reliant on the foregoing should be stricken.

4. In accordance with L.R. 37(a), the Declaration of Ryan M. Kelly is filed herewith.

WHEREFORE, for the reasons set forth in the attached Memorandum of Law, Plaintiff respectfully requests that the Court strike the Moore Declaration, bar the Exhibits and all other documents and Sprint data referenced and/or relied upon in the Moore Declaration and by Sprint in its Opposition, strike all portions of Sprint's Opposition reliant on the foregoing should be stricken, and grant any other relief the Court deems appropriate.

Respectfully submitted,

GORSS MOTELS, INC., individually and as the representative of a class of similarly-situated persons

By: /s/ Ryan M. Kelly

Ryan M. Kelly ct30230
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: (847) 368-1500
Facsimile: (847) 368-1501
rkelly@andersonwanca.com

Aytan Y. Bellin
**BELLIN & ASSOCIATES LLC**

85 Miles Avenue
White Plaines, NY 10606
Telephone: (914) 358-5345
Facsimile: (212) 571-0284
Aytan.Bellin@bellinlaw.com

## **CERTIFICATE OF SERVICE**

     I hereby certify that on July 1, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all attorneys of record.

                                 /s/ Ryan M. Kelly