**Exhibit 1**

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

GORSS MOTELS, INC., a Connecticut )
corporation, individually and as the )
representative of a class of similarly- )
situated persons, )
　 )
　　　　Plaintiff, )
　 )   Civil Action No. 3:17-cv-00546-JAM
　　v. )
　 )
SPRINT SOLUTIONS, INC., a Delaware )
corporation, and JOHN DOES 1-5, )
　 )
　　　　Defendants. )

## DEFENDANT SPRINT SOLUTIONS, INC.'S
## INITIAL DISCLOSURES PURSUANT TO FRCP 26(a)(l)

Defendant SPRINT SOLUTIONS, INC., by and through its attorneys, submits its initial

disclosures pursuant to FRCP 26(a)(l) as follows:

### INTRODUCTION

These disclosures are made solely for purposes of this civil action.  Each disclosure is

subject to any and all objections as to competency, relevancy, materiality, propriety and

admissibility, and to any and all other objections and grounds that would require the exclusion of

any said documents was asked of or made by a witness present and testifying in court, all of which

objections and grounds are hereby expressly reserved and may be interposed later at or before the

time of trial.

## DISCLOSURES

(A)    The name and, if known, the addresses and telephone number of each individual likely to have discoverable information that the disclosing party may use to support its claims or defenses, unless solely for impeachment, identifying the subjects of the information:

ANSWER:

Plaintiff and former employees of Gorss Motels have discoverable information regarding the faxes received by Gorss at facsimile number 860-632-8889 (the "fax machine"); the location of the fax machine; the data and records related to the faxes received by the fax machine, Plaintiff's relationship with Wyndham Worldwide; Plaintiff's relationship with approved vendors of Wyndham Worldwide; Plaintiff's provision of prior express permission to receive faxes from Wyndham and its approved vendors. Investigation continues.

Unknown employees, agents and representatives of Wyndham Worldwide and its affiliates may have discoverable information regarding its relationship with Plaintiff; its relationship with Defendant; its prior express permission to send faxes to Plaintiff; its representations to Defendant regarding same; its retention of Western Printing and/or Westfax to send faxes relating to Defendant. Investigation continues.

Unknown employees, agents and representatives of Westfax have discoverable information regarding the facsimiles it sent at the request of Wyndham Worldwide, including those relating to Defendant. Investigation continues.

Unknown employees, agents and representatives of Western Printing have discoverable information regarding the facsimiles it sent at the request of Wyndham Worldwide, including those relating to Defendant. Investigation continues.

Unknown employees, agents and representatives of Defendant and its affiliates may have discoverable information regarding its relationship with Plaintiff, its relationship with Wyndham; faxes sent on behalf of Defendant; representations by Wyndham relating to the faxing of materials to its affiliates and franchisees; policies and procedures.  Investigation continues.

(B)     A copy of, or a description by category and location of, all documents, data compilations and tangible things that are in the possession, custody, or control of the party and that the disclosing party may use to support its claims or defenses, unless solely for impeachment:

ANSWER:    In support of its claims or defenses, Defendant may rely upon its Wireless Services Agreement with Wyndham Worldwide Operations, Inc., and its attachments, addenda and amendments; various communications with Wyndham with respect to the Wireless Services Agreement, including the marketing program arising under the agreement; Defendant's policies and procedures; and its contracts and other documents relating to its relationship with the putative class members.  Investigation continues.

(C)     A computation of any category of damages claimed by the disclosing party making available for inspection and copying as under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered:

ANSWER: Not applicable.

(D)     For inspection and copying as under Rule 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment.

ANSWER: Not applicable.

Dated: June 30, 2017

Tammy L. Adkins
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, Illinois 60601
Telephone: (312) 849-8100
Fax: (312) 849-3690
tadkins@mcguirewoods.com

Jeffrey J. White
Kathleen Elizabeth Dion
Robinson & Cole, LLP-HTFD
280 Trumbull St.
Hartford, CT 06103
Telephone: 860-275-8252
Fax: 860-275-8299
jwhite@rc.com
kdion@rc.com

*Attorneys for Defendant, Sprint Solutions, Inc.*

## CERTIFICATION OF SERVICE

I hereby certify that on June 30, 2017, the foregoing DEFENDANT SPRINT SOLUTIONS

INC.'S INITIAL DISCLOSURES PURSUANT TO FRCP 26(a)(1) were served upon all counsel

of record by U.S. Mail:

> Ryan M. Kelly
> Brian J. Wanca
> ANDERSON + WANCA
> 3701 Algonquin Rd., Suite 500
> Rolling Meadows, IL  60008
> Telephone:  847-368-1500
> bwanca@andersonwanca.com
> rkelly@andersonwanca.com
>
> Aytan Y. Bellin
> BELLIN & ASSOCIATES LLC
> 85 Miles Avenue
> White Plains, NY  10606
> Telephone:  914-358-5345
> Aytan.Bellin@bellinlaw.com

Tammy L. Adkins

90505629_1