Exhibit 3

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| GORSS MOTELS INC., a Connecticut corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:17-cv-00546-JAM |
| v. | ) ) ) | |
| SPRINT SOLUTIONS, INC., a Delaware corporation, and JOHN DOES 1-5, | ) ) ) | |
| Defendants. | ) ) | |

## DEFENDANT SPRINT SOLUTIONS, INC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

NOW COMES Defendant Sprint Solutions, Inc. ("Sprint"), by and through its counsel, and hereby objects and responds to Plaintiff Gorss Motels, Inc.'s ("Plaintiff") First Set of Interrogatories as follows:

## PRELIMINARY STATEMENTS

1.     The answers to these Interrogatories contained herein are made without in any way waiving, but rather, expressly preserving:

(i)     All objections of Sprint as to competency, relevancy, materiality, and admissibility of the information supplied in these answers;

(ii)    All rights of Sprint to object on any grounds to the use of any of the information supplied in these answers in any subsequent proceedings, including the trial on this or any other action; and/or

(iii)   All rights of Sprint to object on any grounds to any demands for further answers to these or any other interrogatories, or any other requests involving or related to the subject matter of the Interrogatories.

2.     Sprint expressly reserves the right, without assuming any duty of disclosure not required by the Federal Rules of Civil Procedure or order of this Court, to revise, amend, correct,

supplement or clarify any of its answers if and when additional information or documentation comes to its attention.

3.     These Preliminary Statements are incorporated into each answer herein as if they were set forth in their entirety.  Counsel for Sprint is prepared to discuss these preliminary statements and the objections set forth in any specific Answer with Plaintiff's counsel in an effort to clarify the discovery requests, narrow the scope of discovery requests that are overly broad and burdensome, and otherwise cooperate with Plaintiff in pursuing a reasonable course of discovery herein, and is available to meet and confer to the extent Plaintiff's counsel does not understand or disagrees with any response.

## ANSWERS AND OBJECTIONS TO INTERROGATORIES

1.     Fully identify each person involved in answering these Interrogatories, including persons who you consulted or who provided information relied on by you in answering any Interrogatory, and state the information supplied by each such person.

**ANSWER:** Sprint objects to Interrogatory No. 1 to the extent it seeks not only the identification of persons who assisted with the interrogatory responses, but a description of the contents of such communications with counsel, as such request is unreasonable, overly broad, unduly burdensome and not proportional to the needs of the case, and seeks information protected by the attorney-client privilege, the attorney work product doctrine, or any other applicable privilege or immunity.

Notwithstanding these objections, and without waiving them, Sprint states that the following individuals provided information relied upon in answering these Interrogatories:

> Carl Morris, IT, Application Support Analyst II, Sprint
> Information regarding telephone providers and telephone invoices.
> Mr. Morris can be reached through counsel for Sprint.
>
> Chris Irwin, IT Systems Analyst II, Sprint
> Information regarding Wyndham administrative fee
> Mr. Irwin can be reached through counsel for Sprint.
>
> Marie Holland, Sprint Works Program Director

2

Information regarding Sprint relationship with Wyndham
Ms. Holland can be reached through counsel for Sprint.

Tony T. Jackson
CB Richard Ellis (CBRE Group, Inc.), on-site facilities vendor/contractor for
Sprint's office located at 1166 Avenue of the Americas, New York, New York.
Mr. Jackson can be reached through counsel for Sprint.

Diana L. Newman
Document Management Services Technical Manager for Sprint Relationship
Perfect Output, LLC, vendor/contractor for Sprint for document management
services. Including management of output devices.
Ms. Newman can be reached through counsel for Sprint.

Sprint Office of Privacy
Provided information regarding Sprint's fax policies
The Office of Privacy can be reached through counsel for Sprint.

2.      Identify, by date(s) sent and subject matter, all documents (including but not limited
to the two faxes attached to Plaintiff's Second Amended Complaint as Exhibit "A") sent by
facsimile transmission during the Relevant Time Period that either (a) were used for any
advertising or promotional purpose; or (b) which advertised any property, goods, or services, and
describe in detail the content of each different document sent by fax and the date(s) when each
different document was sent.

**ANSWER:** Sprint objects to Interrogatory No. 2 as unreasonable, overly broad, unduly

burdensome and not proportional to the needs of the case as Plaintiff seeks identification of "all"

documents sent by facsimile transmission during a four-year period, not limited to those facsimile

transmissions sent by Sprint and not limited to those facsimile transmissions sent to Plaintiff.

Sprint employs approximately 28,000 employees in 1,810 locations, and as of June 30, 2017, had

53.7 million customers, and this Interrogatory essentially asks for identification of every

commercial facsimile ever sent by any employee of Sprint or on its behalf for any commercial

reason over a four-year period. Sprint further objects to Interrogatory No. 2 to the extent it seeks

information that is not relevant to any party's claims or defenses. Sprint further objects to

Interrogatory No. 2 as containing multiple discrete subparts that each amount to a separate

interrogatory causing Plaintiff's requests to exceed the limit of twenty-five interrogatories per

3

party pursuant to Fed. R. Civ. P. 33. Subject to and without waiving the foregoing objections, Sprint responds that it does not have the ability to identify each particular fax sent by or on behalf of Sprint during the Relevant Time Period. To the extent Interrogatory No. 2 seeks information related to the faxes attached to Plaintiff's Second Amended Complaint ("SAC") as Exhibit A, Sprint does not have any information related to the faxes sent from 973-753-7483, because those faxes appear to have been sent by Wyndham pursuant to its Strategic Sourcing relationship with Sprint. With regard to the faxes from 646-448-8111, which is assigned to Sprint, Sprint responds that the fax number is assigned to a multi-function Xerox WorkCentre 7525 printer located in the Sprint business offices located at 1166 Avenue of the Americas, New York, New York. According to Perfect Output, LLC, the vendor who maintains the machine, faxes are generally sent from this machine through an analog phone line (i.e. "embedded faxes") rather than by internet fax (*i.e.*, faxes sent by email) or server fax (documents scanned and sent though an ethernet network to a fax server). This machine has been in use since February 29, 2012, and since that time until September 1, 2017, according to the machine's internal fax counter, there have only been 2,578 embedded faxes, 15 internet faxes and 23 server faxes sent from this machine. Perfect Output does not have the ability to identify the particular embedded faxes sent from that fax number or any information or data regarding such faxes. Investigation continues.

       3.     State whether any facsimile transmissions referred to in Interrogatory 2 were sent to the telephone number 860-632-8889 and/or any other telephone number during the Relevant Time Period and state the dates such transmissions were sent.

**ANSWER:** Sprint objects to Interrogatory No. 3 as unreasonable, overly broad, unduly burdensome and not proportional to the needs of the case as Plaintiff seeks information not limited to those facsimile transmissions sent by Sprint and not limited to those facsimile transmissions sent to Plaintiff. Sprint further objects to Interrogatory No. 3 as vague and ambiguous as to whom sent the facsimile transmissions referred to in Interrogatory 2 to telephone number 860-632-8889

and/or any other telephone number during the Relevant Time Period. Sprint further objects to Interrogatory No. 3 to the extent it seeks information that is not relevant to any party's claims or defenses. Sprint further objects to Request No. 3 to the extent that it calls for information not within Sprint's custody, control, or possession. Further, to the extent that Interrogatory No. 3 seeks information related to other individuals who were sent the same facsimile transmissions as Plaintiff (*i.e.*, the putative class members), those individuals have not yet been identified and Sprint does not have the capability to identify those individuals.

Subject to and without waiving the foregoing objections, Sprint responds that to the extent Interrogatory No. 3 seeks information related to the faxes attached to Plaintiff's SAC as Exhibit A, Sprint does not have any information related to the faxes sent from 973-753-7483, because those faxes appear to have been sent by Wyndham pursuant to its Strategic Sourcing relationship with Sprint. With regard to the faxes from 646-448-8111, Sprint states that the fax number is assigned to a multi-function printer located in the Sprint business offices located at 1166 Avenue of the Americas, New York, New York. Perfect Output, LLC, the vendor who maintains the machine, does not have the ability to identify the particular faxes sent from that number or information regarding such faxes, because faxes from this Xerox WorkCentre 7525 are generally sent over analog phone lines and Sprint does not retain records regarding such faxes. The investigation is ongoing.

4.     Fully identify each person who has knowledge and/or was in any way involved in the facsimile transmission(s) of any documents identified in response to Interrogatory No. 2.

**ANSWER:** Sprint objects to Interrogatory No. 4 as unreasonable, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information not limited to those facsimile transmissions sent by Sprint and not limited to those facsimile transmissions sent to Plaintiff, and essentially asks for information regarding every commercial

facsimile ever sent by any employee of Sprint or on its behalf for any commercial reason over a four-year period. Sprint further objects to Interrogatory No. 4 to the extent it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Sprint responds that to the extent Interrogatory No. 4 seeks information related to the faxes attached to Plaintiff's SAC as Exhibit A, Sprint does not have any information related to the faxes sent from 973-753-7483, including the persons with knowledge regarding the sending of such faxes, because those faxes appear to have been sent by Wyndham pursuant to its Strategic Sourcing relationship with Sprint. With regard to the faxes from 646-448-8111, Sprint states that the fax number is assigned to a multi-function printer located in the Sprint business offices located at 1166 Avenue of the Americas, New York, New York, but Sprint does not have the ability to identify the particular faxes sent from that number or information regarding such faxes. Diana L. Newman, Perfect Output, LLC, has information and knowledge regarding the leasing, maintenance and available records relating to the Xerox WorkCentre 7525. While certain individuals were identified on the faxes attached as Exhibit A to the SAC, those individuals are not currently employed by Sprint. Sprint does not have any specific information regarding the identity of the persons who may have been involved in the sending of such faxes or persons with knowledge regarding the sending of the faxes. The investigation is ongoing.

5.      Identify the telephone number(s) and telephone service provider(s) of the telephone line(s) used to send each of the faxes identified in response to Interrogatory No. 2.

**ANSWER:**   Sprint objects to Interrogatory No. 5 as unreasonable, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information not limited to those facsimile transmissions sent by Sprint and not limited to those facsimile transmissions sent to Plaintiff, and essentially asks for information regarding every commercial

facsimile ever sent by any employee of Sprint or on its behalf for any commercial reason over a

four-year period.. Sprint further objects to Interrogatory No. 5 to the extent it seeks information

that is not relevant to any party's claims or defenses. Subject to and without waiving the foregoing

objections, Sprint responds that to the extent Interrogatory No. 5 seeks information related to the

faxes attached to Plaintiff's SAC as Exhibit A, Sprint does not have any information related to the

faxes sent from 973-753-7483, because those faxes appear to have been sent by Wyndham

pursuant to its Strategic Sourcing relationship with Sprint. With regard to the faxes from 646-448-

8111, Sprint responds that the fax number is assigned to a multi-function printer, Xerox

WorkCentre 7525, located in the Sprint business offices located at 1166 Avenue of the Americas,

New York, New York, and the telephone service provider is Level 3 Communications.

6.     If you contend an "Established Business Relationship" ("EBR") existed between
you and Plaintiff (or any other person you believe was associated with telephone number 860-632-
8889) at the time of any facsimile transmissions sent to telephone number 860-632-8889, then
fully identify all facts supporting the existence of such alleged EBR.

**ANSWER:**  As of the date of these responses, Sprint does not contend that an EBR existed

between Sprint and Plaintiff, or any other person associated with telephone number 860-632-8889.

The investigation is ongoing.

7.     Fully identify each and every person who participated in your decision to send
facsimile transmissions identified in response to Interrogatory 2, including the extent and
substance of each such person's participation therein.

**ANSWER:**  Sprint objects to Interrogatory No. 7 as unreasonable, overly broad, unduly

burdensome and not proportional to the needs of the case to the extent it seeks information not

limited to those facsimile transmissions sent by Sprint and not limited to those facsimile

transmissions sent to Plaintiff, and essentially asks for information regarding every commercial

facsimile ever sent by any employee of Sprint or on its behalf for any commercial reason over a

four-year period. Sprint further objects to Interrogatory No. 7 to the extent it seeks information

that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Sprint responds that to the extent

Interrogatory No. 7 seeks information related to the faxes attached to Plaintiff's SAC as Exhibit

A, Sprint does not have any information related to the faxes sent from 973-753-7483, because

those faxes appear to have been sent by Wyndham pursuant to its Strategic Sourcing relationship

with Sprint. With regard to the faxes from 646-448-8111, Sprint states that the fax number is

assigned to a multi-function printer located in the Sprint business offices located at 1166 Avenue

of the Americas, New York, New York, but Sprint does not have the ability to identify the

particular faxes sent from that number or information regarding such faxes, nor does it have

information regarding the identity of the persons who may have been involved in sending such

faxes or persons with knowledge regarding the sending of the faxes. There are four individuals

whose names appear in various faxes attached to the SAC as Exhibit A: Ricardo Rosario, Stephan

Georgacopoulos, and Kurt Friedlein are no longer employed by Sprint, and Sanford Marten was

not employed by Sprint at the time of the alleged fax upon which his name appears (June 3, 2014).

The investigation is ongoing.

8.      If you or a person acting on behalf of you operated any device used to send, during
the relevant time period, any facsimile transmissions referred to in Interrogatory No. 2, state (a)
the number of occasions you engaged in such transmissions, and (b) for each such occasion, state
the number of individual facsimile transmissions sent. If you do not know the actual number of
individual transmissions sent for any occasion, state the number of transmissions requested and/or
expected to be sent on that occasion and the source of such information.

**ANSWER:**   Sprint objects to Interrogatory No. 8 as unreasonable, overly broad, unduly

burdensome and not proportional to the needs of the case to extent it seeks information not limited

to those facsimile transmissions sent by Sprint and not limited to those facsimile transmissions

sent to Plaintiff. This Request essentially asks for every commercial facsimile ever sent by any

8

employee of Sprint or on its behalf for any commercial reason over a four-year period.   Sprint

further objects to Request No. 8 to the extent that it calls for information not within Sprint's

custody, control, or possession.  Sprint further objects to Interrogatory No. 8 to the extent it seeks

information that is not relevant to any party's claims or defenses.   Sprint further objects to

Interrogatory No. 8 as containing multiple discrete subparts that each amount to a separate

interrogatory causing Plaintiff's requests to exceed the limit of twenty-five interrogatories per

party pursuant to Fed. R. Civ. P. 33.

Subject to and without waiving the foregoing objections, Sprint responds that to the extent

Interrogatory No. 8 seeks information related to the faxes attached to Plaintiff's SAC as Exhibit

A, Sprint does not have any information related to the faxes sent from 973-753-7483, because

those faxes appear to have been sent by Wyndham pursuant to its Strategic Sourcing relationship

with Sprint.  With regard to the faxes sent from 646-448-8111, Sprint states that the fax number is

assigned to a multi-function printer located in the Sprint business offices located at 1166 Avenue

of the Americas, New York, New York.  According to Perfect Output, LLC, the vendor who

maintains the machine, faxes are generally sent from this machine through an analog phone line

(i.e. embedded faxes) rather than by internet fax (i.e. faxes sent by email) or server fax (documents

scanned and sent though an ethernet network to a fax server).  This machine has been in use since

February 29, 2012, and since that time until September 1, 2017, according to the machine's internal

fax counter, there have only been 2,578 embedded faxes, 15 internet faxes and 23 server faxes sent

from this machine.  Perfect Output does not have the ability to identify the particular embedded

faxes sent from that fax number or any information or data regarding such faxes. The investigation

is ongoing.

9.      If you or a person acting on your behalf operated any device used to send, during the Relevant Time Period, any facsimile transmissions referred to in Interrogatory No. 2, fully describe the equipment and/or software used.

**ANSWER:**    Sprint objects to Interrogatory No. 9 as unreasonable, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information not limited to those facsimile transmissions sent by Sprint and not limited to those facsimile transmissions sent to Plaintiff.    Sprint employs approximately 28,000 employees in 1,810 locations, and this Interrogatory essentially asks for identification of every commercial facsimile ever sent by any employee of Sprint or on its behalf for any commercial reason, and identification of every single facsimile machine, or computer capable of sending facsimiles, within Sprint's entire operation during a four-year period. Sprint further objects to Request No. 9 to the extent that it calls for information not within Sprint's custody, control, or possession.    Sprint further objects to Interrogatory No. 9 to the extent it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Sprint responds that that to the extent Interrogatory No. 9 seeks information related to the faxes attached to Plaintiff's SAC as Exhibit A, Sprint does not have any information related to the faxes sent from 973-753-7483, because those faxes appear to have been sent by Wyndham pursuant to its Strategic Sourcing relationship with Sprint.    With regard to the faxes from 646-448-8111, Sprint states that the fax number is assigned to a multi-function printer located in the Sprint business offices located at 1166 Avenue of the Americas, New York, New York, and the machine is a Xerox WorkCentre 7525. According to Perfect Output, LLC, the vendor who maintains the machine, faxes are generally sent from this machine through an analog phone line (i.e. embedded faxes) rather than by internet fax (i.e. faxes sent by email) or server fax (documents scanned and sent though an ethernet network to a fax server).    This machine has been in use since February 29, 2012, and since that time until

10

September 1, 2017, according to the machine's internal fax counter, there have only been 2,578 embedded faxes, 15 internet faxes and 23 server faxes sent from this machine. Neither Sprint nor Perfect Output have the ability to identify the particular embedded faxes sent from that fax number or any information or data regarding such faxes.

10.     Identify the name, address, and telephone number of each person, other than Plaintiff, with whom you contend an EBR existed between you and such person at the time of any facsimile transmissions sent to that person.

**ANSWER:** Sprint objects to Interrogatory No. 10 as unreasonable, overly broad, unduly burdensome, and not proportional to the needs to the case, as Sprint employs approximately 28,000 employees in 1,810 locations, and as of June 30, 2017, had 53.7 million customers, and this Interrogatory seeks information regarding *any* such person with whom Sprint had an EBR, throughout Sprint's entire operation, for *any* time period, and any fax sent to such person. Sprint further objects to Interrogatory No. 11 to the extent it seeks information that is not relevant to any party's claims or defenses.

11.     Fully identify every person, other than Plaintiff, who has contacted you to communicate a desire not to receive facsimile transmissions.

**ANSWER:** Sprint objects to Interrogatory No. 11 as unreasonable, overly broad, unduly burdensome and not proportional to the needs of the case to extent it seeks information not limited to those facsimile transmissions sent by Sprint and not limited to those facsimile transmissions sent to Plaintiff, and as it seeks information that is not relevant to any party's claims or defenses. Further, to the extent that Interrogatory No. 11 seeks information related to other individuals who were sent the same facsimile transmissions as Plaintiff (*i.e.*, the putative class members), those individuals have not yet been identified and Sprint does not have the capability to identify those individuals. Subject to and without waiving the foregoing objections, Sprint only sends faxes upon request from a customer or individual, per company policy, and requests not to receive further

facsimiles would therefore be made to the individual employee. Sprint employs approximately 28,000 employees in 1,810 locations, and as of June 30, 2017, had 53.7 million customers, and therefore, it is impossible to identify every such instance in which an employee might have been requested not to send further fax materials. However, per Sprint policy, a copy of any fax opt out is to be forwarded to Sprint's Office of Privacy, and that office has not received any such requests from employees.

12.  If you contend you had "prior express invitation or permission" from Plaintiff (or any other person you believes was associated with telephone number 860-632-8889) to send facsimiles at the time of any facsimile transmissions sent to telephone number 860-632-8889, then fully identify each person involved in obtaining such "prior express invitation or permission," all facts supporting the existence of such "prior express invitation or permission," the date(s) on which such "prior express invitation or permission" was obtained, and each person involved in maintaining a log or other record of such "prior express invitation or permission."

**ANSWER:** Sprint responds that upon information and belief, Plaintiff, a Wyndham franchisee, provided its prior express invitation or permission to receive information from Wyndham's vendors, including Sprint, pursuant to the terms of the franchise agreement between Plaintiff and Wyndham and related documents conveying such prior express invitation or permission. Wyndham thus had prior express invitation or permission to send any faxes related to Sprint products and services, and such prior express invitation or permission also applied to Sprint as a Wyndham vendor or partner communicating with Wyndham franchisees pursuant to Sprint's Strategic Sourcing arrangement with Wyndham. The information regarding the date and time of such permission is within the possession, custody or control of Wyndham.

13.  If Defendants contend they had "prior express invitation or permission" from any member of the putative class to send facsimiles, then fully identify each person involved in obtaining such "prior express invitation or permission," all facts supporting the existence of such "prior express invitation or permission," the date(s) on which such "prior express invitation or permission" was obtained, and each person involved in maintaining a log or other record of such "prior express invitation or permission."

**ANSWER:** Sprint objects to Interrogatory No. 13 on the grounds that it is premature as a class has not yet been certified and Sprint does not possess any knowledge or information that would allow Sprint to identify class members. Subject to and without waiving its objection, Sprint responds that it will supplement its response when and if appropriate in accordance with the Federal Rules of Civil Procedure.

14.    Fully identify every person, other than Plaintiff, who has contacted you to communicate a desire not to receive facsimile transmissions.

**ANSWER:** See Response to Interrogatory No. 11, as it is an identical request.

15.    Fully identify each person who was involved in handling or responding to removal or opt out request(s) for any advertisement during the Relevant Time Period.

**ANSWER:** Sprint objects to Interrogatory No. 15 as vague and ambiguous as to the terms "removal," "opt out requests," and "advertisement." Sprint further objects to Interrogatory No. 15 as unreasonable, overly broad, unduly burdensome, and not proportional to the needs of this case to the extent it seeks information not limited to those facsimile transmissions sent by Sprint and not limited to those facsimile transmissions sent to Plaintiff, and essentially asks for information regarding every commercial facsimile ever sent by any employee of Sprint or on its behalf for any commercial reason over a four-year period. Subject to and without waiving the foregoing objections, Sprint responds that it only sends faxes upon request from a customer or individual, per company policy, and requests not to receive further facsimiles would therefore be made to the individual employee. Sprint employs approximately 28,000 employees in 1,810 locations, and as of June 30, 2017, had 53.7 million customers, and therefore, it is impossible to identify every such instance where an opt-out request was received by such employees. However, per Sprint policy, a copy of any fax opt out is to be forwarded to Sprint's Office of Privacy by the employee who receives it, and that office has not received any such requests from employees.

16.     Describe in detail how you obtained or developed a list of persons and/or telephone numbers to which telephone calls have been initiated by or on behalf of you that utilized a facsimile transmission identified in response to Interrogatory No. 2.

**ANSWER:**   Sprint objects to Interrogatory No. 16 as incomprehensible and as vague and ambiguous. Sprint further objects to Interrogatory No. 16 as unreasonable, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information not limited to those facsimile transmissions sent by Sprint and not limited to those facsimile transmissions sent to Plaintiff. Sprint further objects to Request No. 16 to the extent that it calls for information not within Sprint's custody, control, or possession. Sprint further objects to Interrogatory No. 16 to the extent it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Sprint responds that to the extent Interrogatory No. 16 seeks information related to the faxes attached to Plaintiff's SAC as Exhibit A, Sprint does not have any information related to the faxes sent from 973-753-7483, because those faxes appear to have been sent by Wyndham pursuant to its Strategic Sourcing relationship with Sprint. With regard to the faxes from 646-448-8111, Sprint states that while certain individuals were identified on the faxes attached as Exhibit A to the SAC, they are not currently employed by Sprint, and Sprint has no information to confirm whether such individuals were involved with or have knowledge of the faxes or whether the faxes were sent based upon a particular list. Sprint does not have the ability to identify the particular faxes sent from 646-448-8111 or information regarding such faxes, including lists of fax numbers, because faxes from this Xerox WorkCentre 7525 are generally sent over analog phone lines and Sprint does not retain records regarding such faxes. The investigation is ongoing.

17.     If you instructed any person to construct, develop, purchase, or otherwise use a list of persons and/or telephone numbers to send any facsimile transmission referred to in Interrogatory

14

2, describe in detail all directions and/or instructions given to such third party for determining the contents of such a list.

**ANSWER:**   Sprint objects to Interrogatory No. 17 as unreasonable, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information not limited to those facsimile transmissions sent by Sprint and not limited to those facsimile transmissions sent to Plaintiff.  Sprint further objects to Request No. 17 to the extent that it calls for information not within Sprint's custody, control, or possession.  Sprint further objects to Interrogatory No. 17 to the extent it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Sprint responds that to the extent Interrogatory No. 17 seeks information related to the faxes attached to Plaintiff's SAC as Exhibit A, Sprint does not have any information related to the faxes sent from 973-753-7483, because those faxes appear to have been sent by Wyndham pursuant to its Strategic Sourcing relationship with Sprint.  With regard to the faxes from 646-448-8111, Sprint states that while certain individuals were identified on the faxes attached as Exhibit A to the SAC, they are not currently employed by Sprint, and Sprint has no information to confirm whether such individuals were involved with or have knowledge of the faxes or whether the faxes were sent based upon a particular list.  Sprint does not have the ability to identify the particular faxes sent from 646-448-8111 or information regarding such faxes, including lists of fax numbers, because faxes from this Xerox WorkCentre 7525 are generally sent over analog phone lines and Sprint does not retain records regarding such faxes. The investigation is ongoing.

18.    Identify any entity other than you that operated the equipment used to send any facsimile transmissions identified in response to Interrogatory No. 2.

**ANSWER:**   Sprint objects to Interrogatory No. 18 as unreasonable, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information not

limited to those facsimile transmissions sent by Sprint and not limited to those facsimile transmissions sent to Plaintiff. Sprint further objects to Request No. 18 to the extent that it calls for information not within Sprint's custody, control, or possession. Sprint further objects to Interrogatory No. 18 to the extent it seeks information that is not relevant to any party's claims or defenses.

Subject to and without waiving the foregoing objections, Sprint responds that it has no information regarding vendors or third parties who may have sent any faxes regarding Sprint. To the extent Interrogatory No. 18 seeks information related to the faxes attached to Plaintiff's SAC as Exhibit A, Sprint does not have any information related to the faxes sent from 973-753-7483, because those faxes appear to have been sent by Wyndham pursuant to its Strategic Sourcing relationship with Sprint. With regard to the faxes from 646-448-8111, Sprint states that the fax number is assigned to a multi-function printer located in the Sprint business offices located at 1166 Avenue of the Americas, New York, New York, which is utilized by Sprint employees and maintained and serviced by its vendors, Perfect Output LLC, who leases, maintains, and services the machine, and CBRE, which assists with on-site issues with the machine (*i.e.*, changing toner, supplying paper).

19.    State the full caption, including court term, civil action number and jurisdiction, of each lawsuit asserting a TCPA claim filed against you.

**ANSWER:** Sprint objects to Interrogatory No. 19 as overly broad, unduly burdensome and not proportional to the needs of the case and as it seeks information that is not relevant to any party's claims or defenses. Sprint further objects that Interrogatory No. 19 is not limited in scope to the Junk Fax Prevention Act of 2005, and as it is not limited in scope to a reasonable time period. Based upon these objections, Sprint will not respond to Interrogatory No. 19.

20.    Identify every person who benefits from or received revenue from the sale of products, goods, or services that are the subject of each of the two faxes attached as Exhibit A to

Plaintiff's Second Amended Complaint and any document sent by fax referred to in Interrogatory 2.

**ANSWER:** Sprint objects to Interrogatory No. 20 as unreasonable, overly broad, unduly burdensome and not proportional to the needs of the case to the extent it seeks information not limited to those facsimile transmissions sent by Sprint and not limited to those facsimile transmissions sent to Plaintiff. Sprint further objects to Request No. 20 to the extent that it calls for information not within Sprint's custody, control, or possession. Sprint further objects to Interrogatory No. 20 to the extent it seeks information that is not relevant to any party's claims or defenses. Sprint further objects to the phrase "who benefits from" as vague and ambiguous.

Subject to and without waiving the foregoing objections, Sprint responds that under the terms of its contractual relationship with Wyndham, if Wyndham affiliates, franchises or employees accepted the special discount offer afforded to them based upon their relationship with Wyndham, Wyndham benefitted by receipt of a quarterly administrative fee of 2.65% of the net sales of products and services sold to such accounts. Sprint may have also received revenue from new subscribers who subscribed as a result of the Wyndham relationship.

21. Identify each fact witness whom you may call as a witness and state in detail the subject matter of each witness' knowledge of the facts in this case.

**ANSWER:** Sprint objects to Interrogatory No. 21 on the grounds that such request is premature as Sprint has not yet determined who it may call as a fact witness. Subject to and without waiving its objections, Sprint responds that it will supplement its response when and if appropriate in accordance with the Federal Rules of Civil Procedure.

22. Identify each opinion witness whom you may call as a witness and state in detail the opinion each witness will provide at trial.

**ANSWER:** Sprint objects to Interrogatory No. 22 on the grounds that such request is premature as Sprint has not yet determined who it may call as an opinion witness. Subject to and without

waiving its objections, Sprint responds that it will supplement its response when and if appropriate

in accordance with the Federal Rules of Civil Procedure.

Dated: September 18, 2017

By: */s Tammy L. Adkins*
Tammy L. Adkins *(pro hac vice)*
McGuireWoods LLP
77 W. Wacker Drive, Suite 4100
Chicago, IL 60601
312-7505727
312-849-3690 (fax)
tadkins@mcguirewoods.com

Jeffrey J. White
Kathleen Elizabeth Dion
Robinson & Cole, LLP-HTFD
280 Trumbull St.
Hartford, CT 06103
860-275-8252
860-275-8299 (fax)
jwhite@rc.com
kdion@rc.com

*Attorneys for Defendant, Sprint Solutions, Inc.*

18

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2017, the foregoing was served upon the below

counsel of record via e-mail delivery:

Ryan M. Kelly
Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Rd., Suite 500
Rolling Meadows, IL  60008
Telephone:  847-368-1500
bwanca@andersonwanca.com
rkelly@andersonwanca.com

Aytan Y. Bellin  ct28454
**BELLIN & ASSOCIATES LLC**
85 Miles Avenue
White Plains, NY  10606
Telephone:  914-358-5345
Aytan.Bellin@bellinlaw.com

/s *Tammy L. Adkins*

## VERIFICATION

I, Marie Holland, declare under penalty of perjury that the foregoing is true and correct.

I am a Program Director of Sprint Works and am authorized to execute this Verification on behalf of Sprint Solutions, Inc., that I have read the foregoing Objections and Responses to Plaintiff's First Set of Interrogatories; that the information set forth in those responses has been gathered and assembled from various sources and persons, none of whom has complete knowledge or information regarding the matters set forth; that certain of the matters stated therein are not of my own personal knowledge; and that the responses of Sprint Solutions, Inc. to Plaintiff's First Set of Interrogatories are true and accurate, to the best of my knowledge, information and belief.

Executed on September 14, 2017

Marie Holland